[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This vigorously contested dissolution action came to this court by Complaint dated July 10, 2000 wherein the Plaintiff, Jamieson V. Korab requested a dissolution of his marriage to the Defendant, Patricia C. Korab, and other relief. The defendant appeared by counsel on July 17, 2000. After various interlocutory motions the case was assigned for trial on March 8, 2001 at Middletown in this judicial district. At the time a Motion for a Restraining Order against the Plaintiff was pending.
Both the parties appeared with and were well represented by counsel on that date and the court heard the evidence offered and the arguments and requests of counsel. Both of the parties testified and introduced various exhibits.
Based upon the evidence and after fully considering the factors contained in Sections 46b-81 and 46b-82 of the General Statutes the court makes the following finding of fact and conclusions of law.
The parties were married on March 5, 1988 and both have lived in Connecticut for at least twelve months before the filing of this divorce complaint. The marriage has broken down irretrievably and there is no possibility of the parties getting back together. No children were born to the wife after the date of the marriage. The action of each party contributed to the breakdown of the marriage. Therefore, the consideration of the cause of the breakdown will not inure in favor of either party.
At the time of the trial the parties had two major assets: their house and lot at 14 Brookside Lane, Essex, Connecticut which the court finds has a value of $125,000 less the mortgage debt of $75,858.05 or $49,141.95 and the Plaintiff's pension from his employment as a postal worker (Thrift Savings Plan) which, on January 1, 2001 had a value of $66,033.89. Pl. Exhibit 5. The February and March payments on the mortgage debt of $752.54 each are in arrears and late charges are due. Neither party offered the court CT Page 3587 information about the value of the pension exactly as of the trial date. Both parties directly or through their families contributed toward the purchase of the house and the payment of the prior expenses. Both parties were employed at the time of trial as reflected in their financial affidavits. The plaintiff had initially understated his earnings but Defendant's Exhibit A showed an appropriate amount. Also his pay stubs were introduced. The plaintiff was fully employed as a postal worker and is able to earn substantial overtime. The defendant has the potential after her health is restored to earn more than her present income for full-time employment. Based upon the evidence the court finds the defendant capable of earning up to $25,000 gross per year. Also if the house is transferred to her she has the capability of renting a portion thereof for additional income. The plaintiff has a life insurance policy purchased through his employment for which $20.16 per week is deducted, but was not able or willing to tell the court the face amount of the policy or the cash value if any. He claims no loan against the policy. His children from a prior marriage are the beneficiaries of the policy. The defendant has never been a beneficiary of that policy. The plaintiff has a group health insurance benefit through his employment. The defendant has no such benefits available to her at her place of employment. Each party has certain expenses and debts as listed on their respective financial affidavits. Each party has a motor vehicle registered in their name as shown on their affidavit. During the course of the trial as the parties were leaving the courtroom at a recess in the proceedings the Plaintiff threatened to break the legs of the Defendant and has at other times and places threatened her with physical violence. The plaintiff owns a handgun. Both parties have difficulty in the management of their money having been required to file for the protection of the Bankruptcy Act in 1997 in connection with a considerable indebtedness existing at that time.
The parties satisfied the jurisdictional requirements of the court for a dissolution of their marriage.
Both parties filed with the court their respective Proposed Orders or Memorandums relating their claims. The defendant requested the resumption of her maiden CT Page 3588 name of Patricia Kiely Casey.
At the conclusion of the trial the Court entered a Restraining Order, as appears on file, against the Plaintiff and ordered the Plaintiff to turn over any guns owned by him to his attorney for safe-keeping pending further order of the Court.
Having considered the evidence and arguments of the parties the court enters the following orders.
The dissolution of the marriage of the patties is granted. The defendant may resume the use of her maiden name of Patricia Kiely Casey. The title to the real property, house and lot, at 14 Brookside Lane, Essex, Connecticut is hereby transferred into the sole ownership of the Defendant under the authority of Section 46b-81 of the General Statutes, without the need for any act by either the husband or the wife, it being found that the Judgment is the proper mode to carry the decree into effect. The Plaintiff is ordered to pay the February and March mortgage debt payments together with late charges if any. Upon receiving evidence of those payments, the Defendant is ordered to give the Plaintiff a hold harmless agreement to hold him harmless from any further obligations relating to the mortgage debt or any other expenses, taxes or charges accruing after this date relating to the property. The defendant shall be entitled to the furnishings, furniture and fixtures in the house. Each party shall keep and retain their respective motor vehicles. Each party shall be responsible for and hold the other harmless from the debts shown on their financial affidavits. The plaintiff shall transfer to the Defendant by way of a Qualified Domestic Relations Order the amount of $20,000 from his Thrift Savings Plan. The plaintiff shall pay to the Defendant as alimony the amount of $100.00 per week for a period of six months, which amount and duration shall not be subject to modification. Each party shall be responsible for their own counsel fees. The Defendant shall be entitled to continue as an insured on the Plaintiff's group health insurance plan for the maximum period allowed by law at the expense of the plaintiff.
The court contemporaneously herewith is issuing a restraining order pursuant to the authority of Section CT Page 358946b-15 of the General Statutes after hearing the evidence in this case against the plaintiff Jamieson V. Korab in favor of Patricia C. Korab (Casey) and the terms thereof are hereby incorporated herein by this reference.
IT IS SO ORDERED.
ROBERT C. LEUBA, SENIOR JUDGE